IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

v.

**JAMISON CORALLO,**
            **Defendant.**

Criminal No.  07-CR-106
(FJS)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT**:

1. As a result of defendant's guilty plea to Count 1 of Indictment 07-CR-106 (hereinafter "the Indictment"), which alleges forfeiture pursuant to 21 U.S.C. § 853, and the defendant's admission of the forfeiture allegations set forth in that Indictment, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all properties that were used to facilitate and/or constituted proceeds generated by his narcotics activities, pursuant to 21 U.S.C. §§841, 846, and 853, as alleged in the Indictment.

2. The Court has determined, based on evidence already in the record, including, the defendant's plea of guilty, written Plea-Agreement, and admission of the illegal acts alleged in the Indictment, that the defendant agrees to pay the amount of $10,000.00 in United States Currency, which represents the proceeds of the Title 21 violations as charged in the Indictment, in lieu of the $1,000,000.00 Money Judgment for cash proceeds alleged in the Indictment and shall be entered against the defendant as the amount of properties constituting or derived from proceeds obtained directly or indirectly, as a result of a violation of 21 U.S.C. §§ 846 and 841, as alleged in the

Indictment and that the government has established the requisite nexus between such property and such offenses.

3. The Defendant shall satisfy the Money Judgment in full by paying $10,000.00 in United States Currency to the United States on or before his sentencing. If the judgment is paid in full at the time of sentencing, the government will dismiss the Money Judgment portion of the Preliminary Order of Forfeiture. In the event the defendant does not make the payment of the $10,000.00 in United States Currency on the date of sentencing, the government shall seek enforcement of the Final Order of Forfeiture, including the full value of the Money Judgment ($1,000,000.00).

4. Upon the entry of this Order, the United States Attorney General or his designated representative, is authorized to seize the properties set forth above which are subject to forfeiture.

5. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the properties in such a manner as the Attorney General or his designated representative, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

8. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of

his/her alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. §982 incorporating 21 U.S.C. § 853(n)(6).

9. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties and any additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(B) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court shall forward six certified copies of this order to Assistant U.S. Attorney Thomas A. Capezza, U.S. Attorney's Office for the Northern District of New

York, P.O. Box 7198, 100 South Clinton Street, Syracuse, New York 13261-7198.

Dated: __2/26__, 2008
Syracuse, New York

**SO ORDERED:**

_____
HONORABLE FREDERICK J. SCULLIN, JR.
SENIOR UNITED STATES DISTRICT JUDGE